IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: TRAVIS VAUGHN BERGER, Alleged Debtor       No. 5:24-bk-71964
                                                   Chapter 7
                                                   Involuntary

ORDER AND OPINION DISMISSING INVOLUNTARY CASE

On November 20, 2024, alleged petitioning creditor Travis Vaughn Berger filed the above-captioned involuntary case for alleged debtor TRAVIS VAUGHN BERGER. The alleged petitioning creditor and the alleged debtor have the same social security number.

Travis Vaughn Berger has filed numerous documents in the case as the purported "authorized representative of TRAVIS VAUGHN BERGER & Travis Vaughn Berger Living Estate Trust."  The Court held a hearing on several documents on January 22, 2025, at which time an individual identifying himself as "the authorized rep for TRAVIS BERGER" appeared.  When the Court asked the individual for his name, he stated "my name is private."  Upon further questioning by the Court, the individual stated that he was not a lawyer and the Court explained that while non-lawyers may represent themselves in court, only lawyers may represent others.  The individual stated he was a creditor and subrogee and when the Court asked him if his name was Travis Berger, he confirmed that it was.  The Court allowed Mr. Berger to appear pro se during the January 22 hearing based on his representation that he was a creditor.  Later in the hearing, Mr. Berger stated that he initially filed the case as a creditor but when "other people joined the case" he "had to become the defendant" so that he could "subrogate the debts."

Mr. Berger stated on January 22 that he intended to file the involuntary case and he did not wish to have the case converted to a voluntary case.  Among the documents filed by Mr. Berger, one purports to be a copy of a General Judgment RE: Change of Name stating that TRAVIS VAUGHN BERGER changed his name to Travis Vaughn Berger. Mr. Berger explained that the "all caps" name of TRAVIS BERGER was the debtor and,

after a name change to the upper and lower case Travis Berger, he became the creditor, stating "I was the debtor, I became the creditor."

The Court explained to Mr. Berger during the January 22 hearing that the Court must operate within the confines of Title 11 and, despite Mr. Berger's explanation regarding his name change, 11 U.S.C. § 303 does not appear to permit the filing of an involuntary case under the circumstances described by Mr. Berger. For this reason, on February 24, 2025, the Court issued an order for the alleged petitioning creditor, Travis Vaughn Berger, to appear and show cause at 9:00 a.m. on April 23, 2025, why this involuntary case should not be dismissed without prejudice to the filing of a voluntary case.

Within the hour prior to the commencement of the April 23 hearing, Mr. Berger tendered to the clerk's office for filing a written response to the Court's order to show cause why this case should not be dismissed. Mr. Berger chose not to reveal the substance of his response in open court. As a result, the Court took the matter under advisement to allow the Court an opportunity to review and consider Mr. Berger's response before deciding whether this case should be dismissed pursuant to its order to show cause.

In his response, Mr. Berger introduced a new trust: "Root 7 Express Trust, Grantee as Authorized Representative, Attorney in Fact for TRAVIS VAUGHN BERGER, taxpayer and for the Travis Vaughn Berger Living Estate Trust, Grantor." One of several positions taken by Mr. Berger in his response appears to be that he, as TRAVIS VAUGHN BERGER, a "parent corporation," pursuant to various non-bankruptcy laws, has optioned to own stock that has been redeemed and may be distributed, through Root 7 Express Trustee acting as the authorized representative for TRAVIS VAUGHN BERGER, in order to discharge all debts. He has taken a similar position with regard to the termination of war contracts and claiming "war profits." Mr. Berger also cited to numerous federal statutes and rules that have no bearing on the threshold issue before the Court: whether the alleged debtor can be an involuntary debtor under § 303.

2

Per the bankruptcy petition, Travis Vaughn Berger, the petitioning creditor, and TRAVIS VAUGHN BERGER, the alleged debtor, constitute one human being. It is axiomatic that an involuntary petition filed against an individual under § 303 cannot be filed both by and against the same individual. "Involuntary" means "'that which is performed with constraint or with repugnance, or without the will to do it. *An action is involuntary, then, which is performed under duress, force or coercion.*'" Siebers v. FDIC (*In re Dittmer*), 96 B.R. 154, 157 (Bankr. C.D. Ill. 1988) (emphasis added) (rejecting an argument that a party was an "involuntary creditor" where duress was not present and quoting Black's Law Dictionary 742 (5th Ed. 1979)). Here, there is no element of duress, force or coercion; irrespective of the semantics, Mr. Berger has sought bankruptcy relief for himself voluntarily. The law provided by Mr. Berger in his response does not address how he can simultaneously occupy the two spaces of petitioning creditor and alleged debtor. An involuntary petition filed pursuant to § 303 contemplates that the acting petitioner and the acted-upon debtor be separate—not one individual acting in two different capacities that are both rooted in a singular self.

The Court inquired on two occasions, at the hearing on January 22 and again at the hearing on April 23, if Mr. Berger wished for the case to be converted to a voluntary case and he declined both times. For these reasons, the Court finds that the only proper relief is dismissal. All other requests for rights that are afforded to debtors in bankruptcy cases and the relief sought by Mr. Berger in various documents are rendered moot by the dismissal of the case on the threshold issue.

IT IS SO ORDERED.

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 05/06/2025

cc: Travis Vaughn Berger, alleged petitioning creditor
    TRAVIS VAUGHN BERGER, alleged debtor
    United States Trustee
    All creditors and parties in interest